SUMMONS ISSUED

CV-11 6093

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 15 2011 ★

LONG ISLAND OFFICE

------------------------------------------------------------
DOVI AND SHANI LOWENBEIN on behalf of themselves
And all similarly situated consumers

                     Plaintiffs,

   -against-

STUART I. JACOBS

                     Defendant.
------------------------------------------------------------

AMON, CH J

J. ORENSTEIN, M.J.

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiffs Dovi and Shani Lowenbein seek redress for the illegal practices of Stuart I. Jacobs concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to King 28 Associates.

4. Upon information and belief, defendant Stuart Jacobs is an attorney who maintains an office for the practice of law in Kings County, New York.

-1-


5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant sent the letter into this district and transacts business in this district.

### *Allegations Particular to Dovi and Shani Lowenbein*

9. On information and belief, on a date better known by defendant, defendant attempted to collect an alleged consumer debt from the plaintiff.

10. On or about August 17, 2011 defendant sent the plaintiff a FIVE DAY NOTICE for overdue rent.

11. Said notice states in pertinent part as follows: "The below named creditor claims that you owe rent arrears as specified. You have 30 days from receipt of this notice to dispute the debt in writing. If you fail to do so, we will assume the debt to be valid. If you timely notify us, in writing, that you do dispute the debt, we will obtain verification of the debt and mail to you. Upon your written request made within thirty (30) day of

the rceipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor."

12. Said language fails to advise the plaintiffs that the plaintiffs can dispute a portion of the debt as well which is an established violation.

Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981). The collector's verification notice violated the Act in that if it was sent, it did not state the right to dispute a portion of the debt and erroneously required any dispute to be in writing.

Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.

Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated § 1692g.

McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003). Failure to specify that any portion of the debt may be disputed also violated § 1692g(a). Omitting the words "in writing" from the validation notice violated § 1692g(a).

McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002). A claim was stated where the collector's letter failed to inform the consumer that he may dispute "any portion" of the debt.

Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). The court found that the validation notice violated § 1692g(a)(4) by omitting the "in writing" requirement that she could dispute any portion of the debt.

13. Said language also contradicts the consumer's right to dispute the debt orally.

See e.g., Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006); Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006); Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006);

Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002); Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001); Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995); Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981)

14. Said language fails to set forth the name and address of the debt collector in order for the consumer to contact the defendant to dispute the debt in violation of 15 U.S.C. 1692g and 1692e(10).

15. The defendant's demand that the defendant dispute the debt in writing caused the plaintiff to incur additional charges in violation of 1692f(5).

16. Upon information and belief, the aforementioned August 10, 2011 notice attempts to collect amounts that the Defendant knew, or should have known, were not owed by the Plaintiff to King 28 Associates.

17. Upon information and belief, the aforementioned letter is deceptive, in violation of 15 U.S.C. §1692(e)(10), in that, inter alia, the August 10th, 2011 letter states a balance which is greater that any potential claim possessed by King 28 Associates against Plaintiff, and upon information and belief, includes late charges, principal and/or legal fees which were not owed by, nor agreed to, by the Plaintiff.

18. Upon information and belief, the aforementioned letter falsely represents the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692(e)(2)(A).

19. The defendant was required to cause the five day notice to be served by a process server.

20. The defendant failed to do so.

21. The affidavit of service filed with the court is patently false.

22. Upon information and belief, the defendant uses a process server who engages in sewer service in violation of 1692e.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

23. Plaintiffs restate, reallege and incorporate herein by reference, paragraphs 1-22 as if set forth fully in this cause of action.

24. This cause of action is brought on behalf of plaintiffs and the members of a class.

25. The Class consists of consumers who received the same form notice as did the plaintiffs.

26. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a five day notice (a) in substantially the same form letter as the letter sent to the plaintiff on or about August 10, 2011 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692g, 1692e, 1692e(2)(A), 1692e(10) and 1692f(5).

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

28. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally least sophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. Collection notices, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

31. The defendant's use of certain language in the collection letter violates the Fair Debt Collection Practices Act.

32. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

(d) In addition, plaintiffs reserve the right to additional potential claims, inter alia under GBL 349, RICO and potentially other statutes after the plaintiffs have been given an opportunity to conduct discovery.

Dated: Cedarhurst, New York
December 13, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

**FIVE DAY NOTICE**

File # 0065692 - Form # T049567

August 10, 2011

TO: DOVI & SHANI LOWENBEIN

Apt: 6-F

2607 AVENUE O, BROOKLYN,
NY, 11210-

Tenant of the above named premises:

**TAKE NOTICE**, that you are justly indebted to the Landlord of the above described premises in the sum of $2490.00 for rent of said premises from July 1, 2011 to August 31, 2011, which you are required to pay to on or before **AUG 22 2011**, a date following expiration of five (5) days from the service of this Notice, or surrender up the possession of said premises to the landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof.

More specifically, this notice is based upon your failure to make timely rental payments to your landlord as follows:

Arrears history: Aug 11 $ 1200.00 / Jul 11 $ 950.00
LATE FEES $ 190.00
LEGAL FEES $ 150.00

Total Balance Due: $2490.00

KINGS 28 ASSOC. Landlord

This firm has been retained to collect a debt consisting of rent arrears totaling $2490.00. Any information obtained will be used for that purpose.

The below named creditor claims that you owe rent arrears as specified. You have 30 days from receipt of this notice to dispute the debt in writing. If you fail to do so, we will assume the debt to be valid. If you timely notify us, in writing, that you do dispute the debt, we will obtain verification of the debt and mail same to you. Upon your written request made within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This opportunity to dispute the debt is separate from any response that you are required to make or any action you are required to take with respect to any other legal notices you receive. Please respond to any legal notices you may receive within the time frames set forth in those notices.

Creditor: KINGS 28 ASSOC.