UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOVI AND SHANI LOWENBEIN on behalf of      Case No.: CV-11 6093
Themselves And all similarly situated consumers,

                                Plaintiffs,                **ANSWER**

    -against-

STUART I. JACOBS,

                              Defendants.
-----------------------------------------------------------------X

        Defendant, Stuart I. Jacobs ("Defendant"), by his attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for his answer to the class action complaint (the "Complaint") of plaintiffs, Dovi Lowenbein and Shani Lowenbein, sets forth as follows:

        1.    Denies each and every allegation contained in paragraph designated "1" of the Complaint.

        2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "2" of the Complaint.

        3.    Denies each and every allegation contained in paragraph designated "3" of the Complaint, and refers all questions of law to the Court.

        4.    Admits the allegations contained in paragraph designated "4" of the Complaint.

        5.    Denies each and every allegation contained in paragraph designated "5" of the Complaint.

        6.    Denies each and every allegation contained in paragraph designated "6" of the Complaint, and refers all questions of law to the Court.

7. With respect to paragraph designated "7" of the Complaint, Defendant refers all questions of law to the Court.

8. With respect to paragraph designated "8" of the Complaint, Defendant refers all questions of law to the Court.

9. Denies each and every allegation contained in paragraph designated "9" of the Complaint.

10. Admits the allegations contained in paragraph designated "10" of the Complaint.

11. With respect to paragraph "11" of the Complaint, Defendant refers the Court to the original of the referenced document for a complete statement of its contents.

12. Denies each and every allegation contained in paragraph designated "12" of the Complaint.

13. Denies each and every allegation contained in paragraph designated "13" of the Complaint.

14. Denies each and every allegation contained in paragraph designated "14" of the Complaint.

15. Denies each and every allegation contained in paragraph designated "15" of the Complaint.

16. Denies each and every allegation contained in paragraph designated "16" of the Complaint.

17. Denies each and every allegation contained in paragraph designated "17" of the Complaint.

18. Denies each and every allegation contained in paragraph designated "18" of the Complaint.

19. Denies each and every allegation contained in paragraph designated "19" of the Complaint, and refers all questions of law to the Court.

20. Denies each and every allegation contained in paragraph designated "20" of the Complaint.

21. Denies each and every allegation contained in paragraph designated "21" of the Complaint.

22. Denies each and every allegation contained in paragraph designated "22" of the Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

23. With respect to paragraph designated "23" of the Complaint, Defendant repeats and reiterates each and every denial and admission set forth in paragraphs "1" through "22".

24. Denies each and every allegation contained in paragraph designated "24" of the Complaint.

25. Denies each and every allegation contained in paragraph designated "25" of the Complaint.

26. Denies each and every allegation contained in paragraph designated "26" of the Complaint.

27. Denies each and every allegation contained in paragraph designated "27" of the Complaint, and refers all questions of law to the Court.

28. Denies each and every allegation contained in paragraph designated "28" of the Complaint, and refers all questions of law to the Court.

29. Denies knowledge or information sufficient to form a belief, as to each and every allegation contained in paragraph designated "29" of the Complaint.

30. Denies each and every allegation contained in paragraph designated "30" of the Complaint, and refers all questions of law to the Court.

31. Denies each and every allegation contained in paragraph designated "31" of the Complaint.

32. Denies each and every allegation contained in paragraph designated "32" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. Plaintiffs have failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. To the extent Plaintiffs seek to recover damages and/or penalties for acts and/or omissions occurring more than one year prior to the date the Complaint was filed, or seek to recover attorneys' fees based upon acts occurring more than one year prior to the service of the Complaint, Defendant raises the expiration of the Statute of Limitations as a bar to such action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. If Plaintiffs have sustained any damages as alleged, which damages are denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence, culpable conduct and failure of due care of Plaintiffs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Any violations alleged by Plaintiffs, which violations are specifically denied by Defendant herein, were not intentional and resulted, if at all, from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. The Complaint was asserted to achieve the collateral result of attempting to prevent the collection of a legitimate debt owed by Plaintiffs.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. The Complaint was brought as an improper attempt to recover attorneys' fees.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims for relief are barred by the doctrine of unclean hands, and are motivated by purposes other than legitimate claims under the Fair Debt Collection Practices Act, thereby warranting an award of attorneys' fees to Defendant pursuant to 15 U.S.C. § 1692-k(a)(3).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40. Plaintiffs are unable to demonstrate the prerequisites to a Class Action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. Plaintiffs are unable to demonstrate that a Class Action is maintainable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42. Plaintiffs have failed to comply with the pleading requirements of F.R.C.P. Rule 9(b).

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, together with the costs and disbursements of this action, plus such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
       February 3, 2012

                                        Yours, etc.,

                                        L'ABBATE, BALKAN, COLAVITA
                                          & CONTINI, L.L.P.

                                   By:  _____
                                        Matthew J. Bizzaro (MB-7889)
                                        Attorneys for Defendant
                                        1001 Franklin Avenue, 3rd Floor
                                        Garden City, NY  11530
                                        (516) 294-8844
                                        Our File No.: 1641-96321

TO:   Adam J. Fishbein, P.C.
      Attorney At Law
      Attorney for Plaintiff
      483 Chestnut Street
      Cedarhurst, New York 11516
      (516) 791-4400
      (516) 791-4411 (Fax)

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

THERESA VOYES, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

That on the 3rd day of February, 2012, deponent served the within **ANSWER** upon:

> Adam J. Fishbein, P.C.
> Attorney At Law
> Attorney for Plaintiff
> 483 Chestnut Street
> Cedarhurst, New York 11516

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose, by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York and by ECF.

_____
THERESA VOYES

Sworn to before me this
3rd day of February, 2012.

_____
Notary Public

DENISE MITCHELL
Notary Public, State of New York
No. 4816888
Qualified in Nassau County
Commission Expires December 31, 2014