**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW
483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

May 2, 2012

**VIA ECF**
The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** **Lowenbein et al v. Jacobs**
**11 CV 6093 (CBA)**

Dear Judge Amon:

Plaintiff, brought this lawsuit alleging that Defendant utilizes a five day notice which fails to comply with specific notice requirements. Plaintiff has sued for violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., (hereinafter FDCPA)  The Defendant has interposed an Answer containing affirmative defenses *inter alia* based on "bona fide error" and other defenses, but defendant has not provided any facts in his answer relating to the purported defense.

Plaintiff would like to file a motion pursuant to Federal Rule of Civil Procedure 12(f) to strike various affirmative defenses in the answer.  The affirmative defenses as plead fail to provide Plaintiff with "fair" notice of the defenses being advanced. The defenses as plead do not meet the pleading requirements of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), and Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).  The answer merely parrots the affirmative defense language contained in the FDCPA, 15 USC 1692k(c), and contain no factual assertions whatsoever.

Nor does either Answer meet the Second Circuit pleading requirements even pre-Iqbal/Twombly.  Defendant fails to provide any details related to what the "bona fide error" might be.  The answer contains just a bald legal assertion. It is impossible for Plaintiff to address this and other asserted defenses without notice of what they are. Again, without any notice, Plaintiff's ability to litigate is prejudiced. Plaintiff should not have to guess as to what Defendants' legal conclusions are based on.

Although motions to strike are "generally disfavored," F.D.I. C. v. Pelletreau & Pelletreau, 965 F.Supp. 381, 389 (E.D.N.Y. 1997), a court should strike a defense where it is clearly insufficient as a matter of law. Fed.R.Civ.P. 12(f). A motion to strike should be granted where: (1) "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense"; (2) there is no substantial question of law, the resolution of which could allow the defense to succeed; and (3) plaintiff would be prejudiced by the inclusion of the defense. Pelletreau & Pelletreau, 965 F.Supp. at 389 (internal quotation marks and citations omitted).

"Increased time and expense of trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike." Id.; see also F.D.I. C. v. Eckert Seamans Cherman & Mellott, 754 F.Supp. 22, 23 (E.D.N.Y. 1990).

The FDCPA, 15 USC 1692k(c), contains an affirmative defense for violations of the FDCPA that occurred due to a "bona fide error." Both Defendants include an affirmative defense that merely recites the statutory language contained in 15 USC 1692k(c). The Defendant's bona fide error defenses should be stricken as they fail to meet the Supreme Court's pleading requirements.

If the Court were to generally review the defendant's affirmative defenses, they fail to set forth facts as required by the Second Circuit. The Second Circuit has read Rule 8 to require that affirmative defenses contain at least a short and plain statement of any facts supporting the defense. Schechter v. Comptroller of City of New York., 79 F.3d 265, 270 (2d Cir. 1996); also see Heller Financial, Inc. v. Midwhey Powder Co., Inc.,, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses stricken for barebone and conclusory allegations). The Second Circuit in Schechter stated:  Affirmative `defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.' National Acceptance Co. ofAm. v. Regal Prods., Inc., 155 F.R.D. 631, 634 (E.D. Wis. 1994).

In Fannie Mae v. Olympia Mortg. Corp., 2007 U.S. Dist. LEXIS 78308 (E.D.N.Y. Oct. 22, 2007), this Court stated: "Merely pleading a defense, without factual allegations, is insufficient. Daiwa Special Asset Corp. v. Desnick, No. 00-3856, 2002 WL 1997922, at *12 (S.D.N.Y. Aug. 29, 2002); Obabueki v. Int'l Bus. Machines Corp., 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001)".

In addition to the forgoing, the Defendant has sent a violative notice.  At best, the Defendant can argue that he attempted to comply with the FDCPA and failed to properly understand or follow the law.  The Supreme Court has already addressed that issue that a mistake of law is no defense.

Defendant's seventh affirmative defense is unclean hands.  However, pursuant to 15 U.S.C. § 1692k(a),

> "*[e]xcept as otherwise provided by this section, any* debt collector who fails to comply with *any* provision of this subchapter with respect to any person *is liable* to such person."

2

There is absolutely nothing in the that section of the FDCPA, or any other section of the FDCPA for that matter, which provides for an unclean hands defense.  The only defenses which can exist are within 15 U.S.C. § 1692k, and those are set forth in 15 U.S.C. §§ 1692k(c) and (e).  Since the § 1692k(a) requires any defense to liability to be found within § 1692k, and since § 1692k does not contain an unclean hands defense, there is no such defense under the FDCPA, and no court has held otherwise.

These are two examples of deficiencies in the plethora of affirmative defenses advanced by the Defendant.

The Plaintiff requests a pre-motion conference or leave to coordinate a briefing schedule with Defendant's counsel.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/

Adam J. Fishbein

Cc:     Matthew J. Bizzaro, Esq.